UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert HERNANDEZ, Defendant–
Appellant.

No. 05–10741.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Aug. 8, 2006.

Darin Lahood, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: MERRITT,* KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Hernandez appeals from the district court's order declining to resentence him following a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). Because the district court failed to obtain the views of counsel and to offer an appropriate explanation for not resentencing Hernandez, we reverse and remand.

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the Federal Sentencing Guidelines are advisory. Our court's *en banc* decision in *Ameline* instructed for cases pending on direct review when *Booker* was decided a judge, who had sentenced a defendant under the mistaken albeit understandable belief that the Guidelines were mandatory, to determine whether the sentence would have "differed materially" had the judge applied the Guidelines as advisory. *Ameline*, 409 F.3d at 1085. In doing so, *Ameline* required the district court judge to obtain the "views of counsel, at least in writing" and to offer an "appropriate explanation" if determining that the sentence would not have been materially different. *Id.*

In the instant case, the district court stated at the initial, pre-*Booker* sentencing hearing that the court believed that the mandatory Guideline sentence was too harsh but that it had no alternative but to impose the mandatory Guideline sentence. Following a remand to reconsider Hernandez's sentence in light of *Booker*, the district court neither obtained the views of counsel nor offered an appropriate explanation for its conclusion that the sentence would not have differed materially. The sum total of the district court's analysis was its conclusory statement that "the sentencing of Robert Hernandez would not have differed materially had the court been aware that these guidelines were advisory, and thus it is not necessary to resentence defendant." Because the district court did not comply with the procedure that we adopted in *Ameline*, we are unable to conclude that Hernandez's pre-*Booker* sentence did not violate his sub-

---

* The Honorable Gilbert S. Merritt, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

stantial rights. In light of the record, we agree with Hernandez that we should vacate the court's order and remand so that the court may comply with the procedures we established in *Ameline.*

Accordingly, we vacate the decision of the district court and remand for further proceedings consistent with this disposition.

**VACATED and REMANDED.**